STATE OF MINNESOTA *vs.* ROBERT BRACHVOGEL.

March 5, 1888.

**Constitution—Mechanic's Lien—Act of 1887—Sufficiency of Title.—** Laws 1887, *c.* 170, § 3, makes it a criminal offence for a contractor for any building, etc., upon which there is a right of lien under that law in favor of laborers or material-men, to himself receive full payment under his contract and neglect to discharge his obligations to laborers and material-men, so that the latter shall impose a lien upon the property of the owner. *Held,* that the title of this act was sufficient to justify this enactment, the act being entitled as one "giving labor the right of first lien, and material furnished a second lien, on all property."

Defendant was arrested and brought before the municipal court of Stillwater, on a charge of violating the 3rd section of the lien law of 1887, recited in the opinion. He waived an examination, and, in default of bail, was committed. He obtained a writ of *habeas corpus* from the district court for Washington county, and, after a hearing, an order for his discharge was made by *McCluer,* J. From this order the state appeals.

*Ira W. Castle,* for the State.

No appearance for respondent.

DICKINSON, J. The respondent in this appeal has presented no brief. We infer, from the brief presented on the part of the state, that the question of law involved is as to whether Laws 1887, *c.* 170, § 3, is invalid because the subject of the law is not expressed in its title, or because the law embraces more than one subject. The act is entitled "An act giving labor the right of first lien, and material furnished a second lien, on all property." Section 1 declares the right of first lien on account of any labor which contributes to the con-

struction of any building or article, and section 2 provides for a second lien on account of material furnished. Section 3 is as follows: "Any contractor or subcontractor receiving the full amount of the money or other consideration due on his contract, and failing to pay the person performing any labor or furnishing any material expended or used in the construction of any building, article, or utility, thereby allowing a lien to be filed against such property, shall be deemed guilty of obtaining money under false pretences, and may be punished under the statute made and provided for that offence." The effect of these sections is to confer upon laborers and material-men a right of lien upon the property of those who are not personally responsible to them, but to make it a criminal offence for a contractor, who is so liable, to receive the full contract price from the owner, and to neglect to perform his own obligation so that the property of another becomes legally chargeable for *his* default.

We are of the opinion that the latter provision is properly germane to the subject expressed in the title, and that the law was not unconstitutional. It requires no very liberal construction of the constitutional provision to sustain the law in this particular, although a liberal construction is always adopted in such cases. If the order discharging the defendant was based upon this ground, as we assume it to have been, it was erroneous, and it is reversed.